Case 1:13-cv-02679-LTS   Document 1   Filed 04/23/13   Page 1 of 8

JUDGE PATTERSON         13 CIV 2679

PREET BHARARA
United States Attorney
Southern District of New York
By:   LI YU
      CARINA H. SCHOENBERGER
      EMILY E. DAUGHTRY
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. Nos. (212) 637-2734, 2822, 2777
Fax Nos. (212) 637-2686, 2702
Li.Yu@usdoj.gov
Carina.Schoenberger@usdoj.gov
Emily.Daughtry@usdoj.gov



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>2 GOLD L.L.C., TF CORNERSTONE INC.,<br>TF CORNERSTONE PROPERTIES LLC,<br>AVINASH K. MALHOTRA ARCHITECTS,<br>and AVINASH K. MALHOTRA,<br><br>                    Defendants. | ECF CASE<br><br>**COMPLAINT**<br><br>13 Civ. ___ |

Plaintiff United States of America (the "United States") alleges as follows:

1.      This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "Act"), 42 U.S.C. §§ 3601-3619. As set forth in full below, the United States alleges that the Defendants, the developers and architects of 2

Gold Street, a residential apartment complex in Manhattan, have unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to design and construct 2 Gold Street so as to be accessible to persons with disabilities.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the claims alleged in this action arose in the Southern District of New York, and concern or otherwise relate to real property located in this District.

### The Property

4. 2 Gold Street is a residential apartment building located at 2 Gold Street in New York, New York. The complex consists of a tower with elevator access, and contains 650 dwelling units, as well as public and common use areas. In addition, the complex features a fitness center, pool, rooftop solarium, children's play room, club room, and an on-site garage.

5. The rental units at 2 Gold Street are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

6. 2 Gold Street was designed and constructed for first occupancy after March 13, 1991. All of the residential units are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21. The complex is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c),

2

## The Defendants

7. 2 Gold L.L.C., a New York limited liability company, TF Cornerstone Inc., a New York business corporation, and/or TF Cornerstone Properties LLC, a New York limited liability company own, built, and/or developed 2 Gold Street, and as owners, builders, and/or developers, designed and constructed the complex.

8. Avinash K. Malhotra Architects, a New York architectural firm, and Avinash K. Malhotra, an individual registered as an architect in New York, drew the architectural plans for 2 Gold Street and, in that capacity, designed and constructed the complex.

## Inaccessible Features of 2 Gold Street

9. 2 Gold Street, which the Defendants designed and constructed, is inaccessible to persons with disabilities.

10. For instance, Defendants designed and constructed the following inaccessible features in 2 Gold Street:

   a. Excessively high thresholds at door entrances interfering with accessible routes for persons in wheelchairs;

   b. Insufficient clear opening width of doors;

   c. Insufficient clear floor space within bathrooms for maneuvering by persons in wheelchairs;

   d. Kitchens lacking sufficient clearance to accommodate persons in wheelchairs;

   e. Electrical outlets inaccessible to persons in wheelchairs;

   f. Kitchen sinks and ranges not fully usable by persons in wheelchairs;

    g.    Bathrooms lacking sufficient space between sidewalls and/or fixtures to be usable by persons in wheelchairs;

    h.    Common area doors requiring excessive opening force for persons with certain disabilities;

    i.    Common area doors closing too quickly for disabled persons to pass through;

    j.    Common area doors with insufficient maneuvering clearance;

    k.    Mailboxes inaccessible to persons in wheelchairs;

    l.    Protruding objects in common areas, not detectable by canes of visually impaired persons;

    m.    Common area bathroom compartments inaccessible to persons in wheelchairs; and

    n.    Common area intercom and emergency ring buttons, phones, coat and towel hooks, paper towel, seat cover, and soap dispensers inaccessible to persons in wheelchairs.

11.    In designing and constructing 2 Gold Street in this manner, Defendants failed to comply with all applicable State and Local design and construction provisions, including New York City Local Law 58.

### Fair Housing Act Claims

12.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-11 above.

13. Defendants violated 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(c) by failing to design and construct 2 Gold Street in such a manner that:

    a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

    b. all premises within such dwellings contain the following features of adaptive design:

        i) an accessible route into and through the dwelling;

        ii) electrical outlets in accessible locations; and

        iii) usable kitchens and bathrooms, such that an individual using wheelchair can maneuver about the space.

14. Defendants, through the actions and conduct referred to in the preceding paragraph, have:

    a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

    b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

15. The conduct of Defendants described above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

16. Persons who may have been the victims of Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of Defendants' conduct described above.

17. Defendants' discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the policies and practices of Defendants, as alleged in this complaint, violate the Fair Housing Act;

2. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    a. Failing or refusing to retrofit the dwelling units and public use and common use areas at 2 Gold Street to bring them into compliance with 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205;

    b. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by Defendants'

6

    unlawful practices to the position they would have been in but for the discriminatory conduct;

 c. Designing and/or constructing any covered multifamily dwellings in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205; and

 d. Failing or refusing to conduct a compliance survey at 2 Gold Street to determine whether the retrofits ordered in paragraph 2(a) were made properly.

3. Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(c)(1) and § 3614(d)(1)(B), to each person harmed by Defendants' discriminatory conduct and practices; and

4. Assesses a civil penalty against each of the Defendants in the maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

                                      ERIC H. HOLDER, JR.
                                      Attorney General of the United States

                                      THOMAS E. PEREZ
                                      Assistant Attorney General
                                      Civil Rights Division

                                      PREET BHARARA
                                      United States Attorney

By:                                   LI YU
                                      CARINA H. SCHOENBERGER
                                      EMILY E. DAUGHTRY
                                      Assistant United States Attorneys
                                      86 Chambers Street, 3rd Floor
                                      New York, New York 10007
                                      Tel. Nos. (212) 637-2734, 2822, 2777
                                      Fax Nos. (212) 637-2686, 2702
                                      Li.Yu@usdoj.gov
                                      Carina.Schoenberger@usdoj.gov
                                      Emily.Daughtry@usdoj.gov